UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRITTANY L.M. BURNETT,

        Plaintiff,                              Case Number 15-cv-11626

v.                                                 Honorable Paul D. Borman

ST. JOHN PROVIDENCE HOSPITAL,
and CHRISTINE K. KARL,

        Defendants.

_____/

ORDER OF DISMISSAL WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE

On October 9, 2015, the Court issued an Order to Show Cause for failure to prosecute, giving the Plaintiff until October 23, 2015 to respond.  (ECF No. 7.)  As of the date of this Order, no response has been filed. The Order to Show Cause was returned to the Court in the mail as undeliverable.  (ECF No. 8.)  Plaintiff has failed to advise the Clerk of any address and/or contact information changes.

Rule 41(b) authorizes the involuntary dismissal of a case for want of prosecution if "the plaintiff fails to prosecute or to comply with [the federal rules of civil procedure] or a court order." Fed. R. Civ. P. 41(b).  "Rule 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)).  The rule contemplates that the courts have an inherent power, "acting on their own, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the parties seeking relief."  *Link*, 370 U.S. at 626.

E.D. Mich. L.R. 41.2 likewise permits the court, on its own motion and after reasonable notice or an application of a party, to enter an order dismissing or remanding a case in which the parties have taken no action for a reasonable time, absent a showing of good cause for the inactivity.

When contemplating dismissal of an action under Rule 41(b), a court will consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mulbah v. Detroit Bd. of Educ.,* 261 F.3d 586, 589 (6th Cir. 2001). When the plaintiff has been warned by a show cause order, as Plaintiff has in this case, the third factor typically has been satisfied. Although the first factor, willfulness or bad faith, may be difficult to establish, neither should the defendant be expected to continue to be at the ready to defend a matter that the plaintiff has seemingly abandoned.

When deciding whether to dismiss a case for want of prosecution, courts must consider competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . . On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (internal citation omitted).

In the case of a *pro se* litigant, the court "must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *McNaughton v. Comm'r of Soc. Sec.*, No. 09-10766, 2009 WL 4646029 (E.D. Mich. Dec. 4, 2009) (internal quotation marks and citations omitted). "Nonetheless, because defendants are entitled to

a fair and timely resolution of the litigation . . . pro se litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id*.

In this case, the Court's interest in controlling its docket is the primary consideration in its decision to dismiss this action for failure to prosecute. The Court cannot assume, based upon the fact that the Show Cause Order has been returned to the Court as undeliverable, that Plaintiff has received notice of the inactivity and threat of dismissal. Nor, however, has Plaintiff informed the Court of an alternate address at which she might be receiving her mail. No action has been taken in this case in the six months since it was filed. Plaintiff did not request service by the United States Marshals and therefore it appears that Defendants have not been served.

Accordingly, the Court DISMISSES Plaintiff's Complaint for failure to prosecute. However, because the record indicates that Plaintiff may not have received the Show Cause Order, despite the Court's efforts to locate her, the dismissal shall be WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: November 6, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 6, 2015.

s/Deborah Tofil  
Case Manager